UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| 7TH STREET BAR & GRILL, LLC<br>   VIA MEMBER/OWNER:<br>      ALEX LOKOKA<br>      2750 7TH STREET RD<br>      LOUISVILLE, KENTUCKY 40215,<br>                     PLAINTIFF, | CASE NO.: 3:18-cv-458-CHB |
| v. | CIVIL RIGHTS COMPLAINT |
| CITY OF SHIVELY<br>3920 DIXIE HIGHWAY<br>SHIVELY, KENTUCKY 40216<br><br>SHIVELY POLICE DEPARTMENT<br>1800 PARK ROAD<br>SHIVELY, KENTUCKY 40216<br><br>KENNETH R. YOUNG, in his individual<br>and official capacity<br>ALCOHOL BEVERAGE CONTROL<br>1800 PARK ROAD<br>SHIVELY, KENTUCKY 40216<br><br>OFFICER EDWARD EDBROOKE, in his individual<br>and official capacity<br>SHIVELY POLICE DEPARTMENT<br>1800 PARK ROAD<br>SHIVELY, KENTUCKY40216<br>                     DEFENDANTS. | 42 U.S.C. § 1983: FOURTH<br>AND FOURTEENTH<br>AMENDMENTS; |

## JURISDICTION AND VENUE

1. This is an action for damages pursuant to 42 U.S.C. § 1983 based upon the violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction exist pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law.

2.     Venue is proper in the Western District in that the events and conduct complained of herein all occurred in the Western District.

## PRELIMINARY STATEMENT

3.     In a free society, businesses should be able to operate within the local communities free from harassment from government interference and corruption. Unlike in the developing world were bribes are a way of life for business people, business owns in the United States do not have to "grease the wheels" of government officials to do business.

4.     Business must operate within laws set forth by the legislative bodies, but it should not have to constantly fight off harassment because of the race, nationality, or color of the skin of the owner of the business.

5.     It is deep in the marrow of American tradition that immigrants from other countries can come to the United States and live the "American Dream." The dream that allows them to make their own way; get higher education; open their own business; and seek prosperity for themselves and their families.

6.     The audacity and immoral behavior of a few should not be allowed to tarnish this tradition.

7.     The civil rights of all citizens and residents of the United States need to be protected.

## PARTIES

8.     Plaintiff, Alex Lokoka, ('Plaintiff") is the owner and proprietor of 7th Street Bar and Lounge ("Bar"). The business has been open since 2015. The Bar is located in

Shively, Kentucky where it serves food, spirits, and tobacco (via hookahs[1]) to its patrons. Mr. Lokoka is original from African and is of black African descent.

9. Defendant, City of Shively, ("Shively"), is a home rule city (formerly known as a third class city), located in the Commonwealth of Kentucky.

10. Defendant, Shively Police Department, ("Shively PD"), is the law enforcement entity used by Shively.

11. Defendant, Kenneth R. Young, is employeed for City of Shively-Alcohol Beverage Control, ("Shively ABC"), as the Commonwealth of Kentucky Alcohol Beverage Control Administrator. Mr. Young is Caucasian.

12. Defendant, Officer Edward EdBrooke, ("Edbrooke"), is police officer with the Shively PD. Officer Edbrooke is Caucasian.

## FACTS

13. Mr. Lokoka opened 7th Street Bar and Grill in Shively, Kentuck in 2015. He does not run the daily operation of the Bar. His cousin, Joseph Lako, does that. Lako is the face of the Bar and is mistakenly believed to be the owner by Shively PD.

14. The Bar serves food, spirits, and tobacco to its patron following all the appropriate laws governing bars of this nature.

15. The Bar had very little interaction with Shively, Shively PD, or the Shively ABC in 2015 (no police runs to the Bar) and 2016 (only six (6) police runs to the Bar).

16. In 2017 there were twenty-eight (28) runs to the Bar by the Shively PD.

17. Exactly half these runs were "officer initiated investigations" runs to the Bar.

---

[1] A hookah is a single- or multi-stemmed instrument for vaporizing and smoking flavored tobacco, whose vapor or smoke is passed through a water basin—often glass-based—before inhalation. https://en.wikipedia.org/wiki/Hookah

18. Plaintiff and/or his employees observed Officer Edbrooke watching their establishment from his police car on days there were no calls to the Bar.

19. Plaintiff and/or his employees observed Officer Edbrooke tell white potential customers not to patronize the Bar.

20. Plaintiff and/or his employees observed Officer Edbrooke intimidate potential customers by visibly parking near or close to the establishment and copying down car license plate numbers.

21. The Bar was cited by Shively PD and Shively ABC via Officer Edbrooke on August 27, 2017 for violations of selling alcohol after hours, having disorderly premises, and conducting business with a minor.

22. Plaintiff denied all the charges, but in an effort to keep his business open entered into an agreed order with Shively PD and Shively ABC for a $10,000 fine to avoid being shut down for weeks and weeks.

23. The Bar was visited eight (8) more times after that mostly by "officer initiated investigation."

24. On or about January 14, 2018 around 4:45 a.m., Officer Edbrooke unlawfully entered the premises of 7th Street Bar and Grill by using a tool or instrument to pry open the locked door of the Bar.

25. Officer Edbrooke initially knocked on the front door of the Bar to request entry.

26. The employees declined Officer Edbrooke's request for entry since the owner or a manager was not present.

27. Subsequently, Officer Edbrooke beat and kicked on the door with great force.

28. The employees again declined Officer Edbrooke's request for entry.

29. After this erratic and irrational behavior, Officer Edbrooke used a tool or instrument of some kind to pry open the door of the Bar.

30. Officer Edbrooke was visibly surprised that after he pried open the door there was a short vestibule that lead to another locked door to the premises.

31. This unlawful entry was captured on security cameras used by the Bar.

32. Officer Edbrooke wrote a bogus citation to the bar dated January 13, 2018 for business hours violation.

33. This bogus citation was later dismissed.

34. Plaintiff paid off his $10,000 fine in February 2018, so Shively unexpectedly dismissed the citation of January 13, 2018.

35. Officer Edbrooke told the Plaintiff and/or his employees that it was his goal to get the Bar's liquor license taken away and to "shut this place down."
On or about March 11, 2018, the Bar was cited again for disorderly premises and being open after hours.

36. Plaintiff could take no more harassment, so he decided to fight the bogus charges. This hearing may occur on July 16, 2018.

37. On or about March 13, 2018, the Plaintiff's general manager, Joseph Lako, was charged with possession of counterfeit goods by Shively ABC at the 7th Street Flea Market by Kenneth Young.

38. Shively PD, Shively ABC, Officer Edbrooke, and Mr. Young are targeting 7th Street Bar and Grill to run the Plaintiff out of business.

## FIRST CAUSE OF ACTION
## RIGHT TO BE SECURE FROM UNREASONABLE SEARCH AND SEIZURE

39. Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

40. Defendants and their employees and agents violated the Plaintiff's Fourth Amendment rights to be free from unreasonable seizure of their property by unlawful entry into his business without a valid warrant.

41. Defendants and their employees and agents violated the Plaintiff's right to be free from criminal trespass.

42. Plaintiff is informed and believe this act by Officer Edbrooke was intentional and done to deprive him of his constitutional rights to be secure in his property.

43. As a direct and proximate consequence of the acts of the Defendants, their employees and agents, Plaintiff has suffered and are is entitled to compensatory, damages for his injuries.

## SECOND CAUSE OF ACTION
## RIGHT OF DUE PROCESS OF LAW

44. Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

45. Defendants, their employees and agents, owed Plaintiff a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and § 10 of the Kentucky Constitution to protect the business property of business owners.

46. Defendant Edbrooke, without a lawful warrant or authority, enter the Bar violating the law.

47. Plaintiff is informed and believe this act by Officer Edbrooke was intentional.

48. Defendant Edbrooke entered the Bar without due process or lawful justification.

49. As a direct and proximate consequence of the acts of the Defendants, their employees and agents, Plaintiff has suffered and are is entitled to compensatory, damages for his injuries.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS

50. Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

51. By prying open the door of the Bar without a lawful warrant, the Defendants, their employees and agents, violated their rights to be safe, secure, and unbothered in his business.

52. As a direct and proximate consequence of the acts of the Defendants, their employees and agents, Plaintiff has suffered and is entitled to compensatory, damages for his injuries.

### FOURTH CAUSE OF ACTION
### TRESPASS

53. Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

54. Defendants, their employees and agents, pried opened the door of his business without a valid warrant made entry on to his property without Plaintiff's permission.

55. As a direct and proximate consequence of the acts of the Defendants, their employees and agents, Plaintiff has suffered and is entitled to compensatory, damages for his injuries.

## FIFTH CAUSE OF ACTION
## DESTRUCTION OF PROPERTY

56. Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

57. Defendants, their employees and agents, pried opened the door of his business without a valid warrant made entry on to his property without Plaintiff's permission. In doing so, the Defendants, their employees and agents, damaged the door, door frame, and the door lock.

58. As a direct and proximate consequence of the acts of the Defendants, their employees and agents, Plaintiff has suffered and is entitled to compensatory, damages for his injuries.

Wherefore, Plaintiff prays as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices, and conduct complained of herein

2. For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate the Plaintiff's rights under the United States and Kentucky Constitution and the laws of Kentucky.

3. For damages in amount to be determined according to proof.

4. For costs of suit and attorney's fees as provided by law.

5. For any and all other relief as the Court deems just and proper.

        Respectfully submitted,

*/s/ Felicia J. Nu'Man*
Dawn Elliott
The Law Office of Dawn R. Elliott, PLLC
3046 Breckenridge Lane, Suite LL1
Louisville, Kentucky 40220
(502) 491-4002 Office
(502) 491-4443 Fax
dawn@dawnelliottlaw.com

Felicia J. Nu'Man, Attorney at Law, PLLC
Felicia J. Nu'Man
Attorney at Law
730 W. Main Street, Suite 202
Louisville, Kentucky 40202
(502) 855-3299 Office
(502) 371-6222 Fax
felicia.numan@gmail.com
*Counsels for Plaintiff*